UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ROCHELLE D. BATCHELOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:05-CV-791 JTM |
| | ) | |
| MERCK & CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On September 28, 2007, Defendant Merck & Co., Inc. (Merck) filed a motion to compel. On October 11, 2007, Plaintiff Rochelle Batchelor (Batchelor) filed a response in opposition to that motion. On October 16, 2007, Merck filed a reply in support of that motion. For the following reasons, Merck's motion is **DENIED**.

**I.   PROCEDURE**

On December 19, 2005, Batchelor filed her complaint in this Court alleging that Merck had discriminated and retaliated against her based on gender, specifically pregnancy, in violation of Title VII.  While Batchelor was never actually pregnant, Batchelor claims that she told co-workers at a party that she intended to become pregnant, and Batchelor claims that her supervisor overheard this statement and inappropriately retaliated against her, and later terminated her, because she had made the statement.

During the course of discovery, Merck served Batchelor with an interrogatory that stated,

[i]f you intend to seek damages for mental anguish, emotional distress, and/or pain and suffering, state the name, title, address, and telephone number of each and every physician, psychiatrist, counselor, psychologist, or other health care provider from whom you have sought treatment or diagnosis for any condition from January 1, 2001 to the present and for each: identify the date, place, and/or manner of each treatment or communication you had with each individual identified and describe the

>     nature of each such treatment or diagnosis. Identify any and all documents that relate
>     in any way to any part of your answer.

(Doc. No. 42-2 at 4). Batchelor responded to this interrogatory, but she did not disclose that she received medical services from Dr. Nancy Keller-Madden (Dr. Madden), an OB/GYN physician. At some point, Merck learned that Batchelor did receive medical services from Dr. Madden.[1]

In September of 2007, Merck attempted to obtain Batchelor's OB/GYN records. When Batchelor refused to provide any medical documents from or relating to Dr. Madden, Merck filed a motion to compel on September 28, 2007. On October 11, 2007, Batcherlor filed her response in opposition to this motion, and on October 16, 2007, Merck filed its reply in support of its motion. This Court may rule on this motion pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

The issue this Court must resolve is whether the items Merck seeks are relevant, and if so, whether they should be disclosed.

**II.   ANALYSIS**

   A.   Relevant Standards

Fed. R. Civ. P. 26(b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Chavez v. Daimler Chrysler, 206

---

[1] Merck generally claims that Batchelor failed to properly respond to the interrogatory by not including Dr. Madden in her initial response. However, Merck does not argue that the records should be disclosed for this reason. Consequently, this Court will not address this claim.

2

F.R.D. 615, 619 (S.D. Ind. 2002) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978)).

Discovery under Rule 26, however, is not an invitation to the proverbial fishing expedition. The frequency or extent of the discovery methods otherwise permitted shall be limited by the court if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

This Court has broad discretion when deciding whether to compel discovery and may deny discovery to protect a party from oppression or undue burden. Fed. R. Civ. P. 26(c); Sattar v. Motorola, Inc., 138 F.3d 1164, 1171 (7th Cir. 1998) ("[D]istrict courts have broad discretion in matters related to discovery."); Gile v. United Airlines, Inc., 95 F.3d 492, 495-96 (7th Cir. 1996) ("The district court exercises significant discretion in ruling on a motion to compel."). In ruling on a motion to compel, "a district court should independently determine the proper course of discovery based upon the arguments of the parties." Gile, 95 F.3d at 496.

    B.    Merck's Motion to Compel

In order for Merck to be entitled to the discovery it seeks, it must establish that the discovery is relevant. The current case is a gender discrimination and retaliation case pursuant to Title VII based on Batchelor's intent to have children. Batchelor must establish either directly or indirectly that Merck discriminated against her because Batchelor stated she intended to

3

become pregnant.  Under the indirect burden shifting method, Batchelor must establish that 1) she intended to become pregnant and her employer knew that fact,[2] 2) she was performing her duties satisfactorily, 3) she was fired, and 4) similarly situated employees not in the protected class were treated more favorably.  See Griffin v. Sisters of Saint Francis, Inc., 489 F.3d 838, 844 (7th Cir. 2007).  If Batchelor establishs a prima facie case, Merck may offer non-discriminatory reasons to justify its actions.  Batchelor, in turn, must establish that those reasons are merely pretextual.  Id.

      1.    Relevancy

Discovery regarding Batchelor's OB/GYN records are not relevant to Batchelor's claims.  These records have no bearing on Batchelor's job performance, whether she was fired, and the status of similarly situated employees.  Merck claims that Batchelor's OB/GYN records might lead to evidence that reveals Batchelor could not conceive children, but any discovery regarding whether Batchelor could have children is also not relevant to this lawsuit.  Even assuming that Batchelor could not have children, the focus of the inquiry is upon what Merck knew.  Thus, if Batchelor still made the comment, even though she knew she could not have children or had little likelihood of having children, the focus of liability will be on whether Merck had knowledge of Batchelor's intent to have children.  Batchelor's subjective knowledge of her own ability to conceive children has no bearing on this inquiry.

---

[2] While Title VII generally requires that a plaintiff be pregnant, there are circumstances under a pregnancy discrimination claim that might be based on an adverse employment action taken against a woman who is not pregnant because the Pregnancy Discrimination Act (PDA) protects women from discrimination based on their capacity to become pregnant.  See Griffin, 489 F.3d at 844.  Thus, PDA discrimination applies to intended or potential pregnancies in addition to actual pregnancies.  See Erickson v. Bd. of Governors of State Coll.s and Univ.s for N. Ill. Univ., 911 F. Supp. 316, 319 (N.D. Ill. 1995).

Merck, however, argues that the records are relevant.  One issue in this lawsuit is whether Batchelor made the comment that she intended to have children.  Merck disputes that this comment was ever made.  Consequently, Merck argues that the fact that Batchelor could not have children, if that were true and if Batchelor knew about that fact, would suggest Batchelor never made the comment that she intended to have children in the future.  In other words, maybe one who "knows" she cannot have children would not state she in fact intended to have children.  Because this chain of reasoning is possible, Merck claims that Batchelor's OB/GYN records are relevant.

This Court does not agree with Merck.  First, Merck offers no reasoning, evidence, or anything else, to suggest that Batchelor's OB/GYN records would in fact contain indications that she could not have children.  The fact that they are OB/GYN records does not generate such a conclusion.  It is certainly possible that a female individual would have fertility results with her OB/GYN records, but not inevitable.  Furthermore, Merck's request is not limited to documents regarding fertility.  Instead, Merck seeks "all" of Batchelor's OB/GYN records.  Some of those records would have no bearing on whether Batchelor could become pregnant or not.  Simply put, Merck appears to be merely "fishing" for discovery with hopes that there is discovery that will generate evidence to fill the evidentiary holes in its theory.

If the discovery Merck seeks is in fact in Batchelor's OB/GYN records, then it "might" lead to the conclusion that a certain statement was never said.  But it may just as easily contain nothing.  While Fed. R. Civ. P. 26 has liberal requirements, it is not without limits.  Discovery must be "reasonably calculated" to bear on matters at issue.  Without either a more focused request, stronger indication that the discovery they seek is there, or a stronger articulation of

5

relevance to a issue in this case, this Court cannot say Merck has established that Batchelor's OB/GYN records are relevant.

Finally, Merck also claims that Batchelor's OB/GYN records are relevant to the issues of damages. Batchelor has claimed that she suffered emotional damage because of Merck's actions, but she has not claimed she suffered any physical damage. Consequently, Batchelor's OB/GYN records are not relevant to any issues of damages because Batchelor has not placed any of her physical treatment in issue.

Merck continues, though, by claiming that issues regarding Batchelor's OB/GYN treatment could be the source of her emotional damages rather than any action by Merck. While, again, this theory is a possibility, Merck has not provided any articulation to support this speculative belief. This Court cannot allow wholesale discovery into any matter. Merck must provide some support for why they believe the discovery is actually there. Otherwise, this Court cannot say Merck's explanation is "reasonably calculated" to lead to discovery. Instead, again, Merck appears to be merely "fishing" for discovery and hoping that discovery does exist to support their speculative and possible theory.

2.  Undue Burden

Furthermore, even if this Court were to accept that Batchelor's records are relevant, and this Court does not, any tangential relevance Batchelor's OB/GYN records have on issues in this case are outweighed by the burden disclosure would have on Batchelor.  This Court, under Fed. R. Civ. P. 26(c) "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Also, this Court may limit discovery under Fed. R. Civ. P. 26(b)(2)(C) when "the burden or expense of the proposed

6

discovery outweighs its likely benefit." A patients OB/GYN records contain more information than fertility or health status records. As Batchelor points out, the records contain information regarding her sexual history, and any possible sexually transmitted diseases she may have had or for which she may have received treatment.[3] These topics are not only sensitive, but of the highest sensitivity. Allowing any person, other than the patient or doctor, to view these records is embarrassing and potentially harassing. See Mitchell v. Hutchings, 116 F.R.D. 481, 484 (D. Utah 1987) (indicating annoying and embarrassing nature of past sexual history outweighs any relevancy). The harassing and embarrassing burden upon Batchelor that exposing these records to Merck would cause outweighs any incremental relevancy articulated by Merck. See Northern Trust Co. v. MS Securities, Inc., 2006 WL 1843369 at *4 (N.D. Ill. 2006); Sills v. Bendix Commercial Vehicle Systems, LLC, 2005 WL 2777299 at *2 (N.D. Ind. 2005). Simply put, justice requires that these documents not be disclosed.

In summary, this Court finds that Batchelor's OB/GYN records are not relevant to this litigation. Furthermore, the burden upon Batchelor to produce these records outweighs Merck's articulation of relevancy. Merck's motion to compel is **DENIED**.

C.     Ancillary Matters

On November 15, 2007, the parties filed a joint motion for extension of time. The parties indicated that a number of depositions have not occurred in this case and that they could not occur until this Court ruled on the motion to compel. Now that this Court has ruled on the motion to compel, the parties may proceed with discovery. The parties motion is **GRANTED**.

---

[3] Merck's request for "all" OB/GYN records would include records covering Batchelor's sexual history.

7

All discovery shall be completed by **December 20, 2007,** and dispositive motions must be filed by **January 20, 2007**.

### III.   CONCLUSION

For the reasons stated, Merck has failed to articulate sufficient relevancy to compel disclosure of the discovery.  Merck's motion to compel is **DENIED** [Doc. No. 41].  Each party shall bear its own costs.  Furthermore, the parties' motion to extend the deadlines is **GRANTED** [Doc. No. 46].  The discovery deadline is now **December 20, 2007**, and the dispositive motion deadline is now **January 20, 2008**.

**SO ORDERED.**

Dated this 20th Day of November, 2007.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge